IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

NOV 1 8 2004

CLERK

UNITED STATES OF AMERICA,

    Plaintiff,

v.

    No. CIV-04-1152 RB KBM
    CR-04-482 RB

AURELIO PINELA-GUTIERREZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court for preliminary consideration of Defendant's motion to vacate or reduce sentence (CV Doc. 1; CR Doc. 29) filed October 7, 2004. *See* 28 U.S.C. § 2255 R. 4(b). Defendant entered a plea agreement to an information charging possession with intent to distribute 50 kilograms and more of marijuana. He did not appeal his conviction or sentence. Defendant now claims that his guilty plea was involuntary and resulted from ineffective assistance of counsel. *See Massaro v. United States*, 538 U.S. 500, 504 (2003) (holding ineffectiveness claim not barred by failure to raise claim on appeal). For the reasons below, Defendant's motion will be dismissed.

In his motion, Defendant alleges that his defense counsel did not adequately investigate the case and failed to advise Defendant that prior convictions could be used to enhance his sentence. To succeed on a claim of ineffective assistance of counsel Defendant "must . . . show that [counsel's] performance fell below an objective standard of reasonableness and that [Defendant] was prejudiced thereby." *Romero v. Tansy*, 46 F.3d 1024, 1033 (10th Cir. 1995) (citing *Strickland v. Washington*, 466 U.S. 668 (1984)). "Because [Defendant] has pled guilty, the prejudice prong of the *Strickland*

standard requires [Defendant] to show 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Romero*, 46 F.3d at 1033 (citing *Strickland*, 466 U.S. at 687-88, and quoting *Laycock v. New Mexico*, 880 F.2d 1184, 1187 (10th Cir. 1989)). The Court "may address the performance and prejudice components in any order, but need not address both if [Defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998) (citing *Strickland*, 466 U.S. at 697). Defendant's ineffectiveness claim is reviewed under these standards.

Defendant's allegations do not demonstrate prejudice under the *Strickland* standard and thus do not support a claim of involuntary guilty plea. To ensure that a guilty plea is voluntary "the accused should be afforded the advice of competent counsel, be aware of the charges against him, and understand the possible range of sentences." *Kemp v. Snow*, 464 F.2d 579, 580 (10th Cir. 1972); *see also United States v. Rhodes*, 913 F.2d 839, 843 (10th Cir. 1990); *Varela v. Kaiser*, 976 F.2d 1357, 1358 (10th Cir. 1992) (ruling that counsel was not ineffective for failure to advise of collateral consequences such as deportation). Here, Defendant makes no allegation that he was unaware of the charges or the possible 20-year penalty. The plea agreement expressly states that a specific sentence was not part of the deal, and Defendant does not allege that the enhancement was erroneous. *Cf. Glover v. United States*, 531 U.S. 198, 203 (2001); *United States v. Horey*, 333 F.3d 1185, 1188 (10th Cir. 2003) (noting prejudice resulting from "improperly-applied guideline range"). Defendant's allegations do not establish error in his sentence or a reasonable probability that he would have risked a greater sentence by going to trial instead of pleading guilty. Because Defendant does not make a showing of prejudice resulting from entering a guilty plea, his motion does not state a claim for ineffective assistance of counsel. *Tillis v. Ward*, No. 02-6389, 2003 WL 21101495, at

*1 (10th Cir. May 15, 2003) (upholding dismissal of ineffectiveness claim in absence of showing of prejudice). Defendant is not entitled to relief, *see* 28 U.S.C. § 2255 R. 4(b), and his motion will be dismissed.

IT IS THEREFORE ORDERED that Defendant's motion to to vacate or reduce sentence (CV Doc. 1; CR Doc. 29) filed October 7, 2004, is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered in accordance with this opinion.

_____
UNITED STATES DISTRICT JUDGE